IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| F.T. PRATT, III, ID # 05070360, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:05-CV-2033-K |
| | ) | |
| LUPE VALDEZ, et al., | ) | |
|     Defendants. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

On October 4, 2005, plaintiff, while incarcerated in the Dallas County Jail,[1] filed this civil action under 42 U.S.C. § 1983 alleging violations of his constitutional rights related to the conditions of his imprisonment. (*See generally*, Compl.) He specifically alleges deliberate indifference to his serious medical needs by not providing proper and adequate medical care for his mental illness. (*Id.*) He sues the Dallas County Sheriff, Dallas County, and two physicians at Dallas County Jail. (*Id.* at 1-3.) No process has been issued in this case.

II. EXHAUSTION

A prisoner must fully exhaust administrative remedies before pursing a civil action concerning prison conditions. Section 1997e(a) of Title 42 of the United States Code, as amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that "[n]o action shall be brought with

---

[1] On November 8, 2005, the Court received a change of address from plaintiff which indicates that he currently resides at a halfway house in Dallas, Texas.

respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in grievance proceedings such as money damages. *See Booth v. Churner*, 532 U.S. 731, 740-41 (2001).

To exhaust in accordance with § 1997e(a), a prisoner in a the Dallas County Jail must pursue his administrative remedies under the two-step grievance procedure applicable in that facility.

> The Dallas County Jail currently provides a two-step procedure for presenting inmate grievances. The first step requires the prisoner to submit a grievance to any staff member. After noting the date and time the grievance is received, the staff member will forward the grievance to the on-duty shift supervisor, who will in turn forward it to the Grievance Board for review. After review and an investigation, if necessary, the Grievance Board will issue a written decision. Upon receiving the written decision, the inmate will have five days to submit a written appeal to the Inmate Grievance Appeal Board. The Appeal Board will review all documents submitted in connection with the appeal and issue a decision, which may be reviewed by the Sheriff.

*See Medrano v. Dallas County Jail Med. Staff*, No. 3:04-CV-1913-M, 2005 WL 106573, *2 (N.D. Tex. Jan. 18, 2005) (findings, conclusions, and recommendation citing *Burnett v. Robertson*, No. 3-01-CV-1284-P, 2001 WL 1577495, *2 (N.D. Tex. 2001)), *accepted as modified by* 2005 WL 877925 (N.D. Tex. Apr. 14, 2005).

Exhaustion under the PLRA is mandatory, and the requirement is strictly construed. *See Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). When a prisoner fails to exhaust his administrative remedies prior to filing suit, without a valid excuse, the Court properly dismisses the action

2

without prejudice to its refiling after the prisoner exhausts his administrative remedies. *See Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998). The Court does not "inquire whether administrative procedures satisfy minimum acceptable standards of fairness and effectiveness"; prisoners simply "must exhaust such administrative remedies as are available, whatever they may be." *Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir. 2003) (citations and internal quotation marks omitted), *cert. denied*, 541 U.S. 1012 (2004). Furthermore, substantial compliance with administrative procedures is insufficient to permit pursuit of a federal lawsuit. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Unless the prisoner pursues his "grievance remedy to conclusion", he has not exhausted "available remedies." *Id.*

In this instance, plaintiff checks a blank on the standard form for his § 1983 complaint which indicates that he has exhausted his administrative remedies. (*See* Compl. at 3.) He also attaches a grievance that he filed on September 18, 2005, and a response dated September 23, 2005, which indicates that the "Grievance has been received and will be investigated." (*See id.* at 9-10.) He explains that, although the jail is accorded sixty days to take action on his grievance, he was compelled to file his § 1983 complaint because he "need[s] the Court to get involved now" so that he can receive necessary mental health services. (*Id.* at 8.) He asserts that he has exhausted his administrative remedies because there are no other steps to pursue after he receives a response from the grievance committee. (*Id.*)

Plaintiff misconstrues the administrative remedies that were available to him as an inmate in the Dallas County Jail. He has not pursued his grievance to conclusion. Instead, he has attempted to truncate the grievance procedure by filing the instant action before according the jail the opportunity to address his grievance through its established procedure. He has provided no adequate

3

excuse for not exhausting available administrative remedies. He simply asserts that he has substantially complied with the exhaustion requirements, and that he needs the Court's involvement now so that he can receive necessary mental health services. Substantial compliance with the grievance procedure does not constitute adequate exhaustion. The bald assertion regarding need for mental health services is insufficient to excuse the lack of exhaustion. Furthermore, any urgency that may have existed when plaintiff filed this action ended when he left the Dallas County Jail for the halfway house in which he currently resides. Until plaintiff pursues his grievance to conclusion, he has not exhausted his available administrative procedures.

Because plaintiff has failed to exhaust his administrative remedies and has provided no adequate excuse for such failure his complaint should be dismissed.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint without prejudice for plaintiff's failure to exhaust his administrative remedies.

**SIGNED this 1st day of December, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE